Eddy Abraham MARTINEZ, Petitioner,

v.

John ASHCROFT, Attorney General of the United States; Edward McElroy, District Director, New York Office of Immigration and Naturalization Service, Respondent.

No. 01 CIV.9227.

United States District Court, S.D. New York.

Dec. 13, 2002.

Eddy Abraham Martinez, pro se, Bronx, for plaintiff.

Megan Brackney, Esq., United States Attorney, New York, for defendant.

## ORDER

BERMAN, District Judge.

## I. Introduction

■ On or about October 18, 2001, Eddy Abraham Martinez ("Martinez" or "Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to stay his removal from the United States ("Petition") following a Board of Immigration Appeals ("BIA") decision, dated August 15, 2001, affirming a February 25, 2000 decision by an Immigration Judge ("IJ").[1] The IJ had determined that Petitioner is (i) removable from the United States as an alien who was convicted of an aggravated felony and (ii) ineligible for a discretionary stay of removal pursuant to (former) section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) ("Section 212(c)").[2]

In his Petition, Martinez requests, among other things, that this Court: (i) declare him eligible for a (Section 212(c) discretionary) waiver of deportation; (ii) declare that relief from deportation is available to aliens convicted of crimes involving moral turpitude; (iii) direct the BIA to vacate the order of removal, dated August 15, 2001; and (iv) stay his removal from the United States. On January 7, 2002, Respondents filed an opposition to the Petition. Petitioner replied on January 24, 2002.

On May 16, 2002, United States Magistrate Judge Frank Maas, to whom this matter had been referred, issued a through and detailed Report and Recommendation ("Report") recommending that Martinez's "habeas petition ... be dismissed and his application for a stay of removal denied," Report at 19, because "denying Section 212(c) relief to Martinez does not offend ... constitutional principles" and "even if Martinez were to be considered for Section 212(c) relief, his application would have to be denied because he had served more than five years in prison on an aggravated felony charge by the time the INS instituted its removal proceedings against him." *Id.* at 10.

The Report also stated that "if [the parties] have objections to this Report and Recommendation, they must, within ten (10) days from today, make them in writing," pursuant to 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), and 72(b). *Id.* On May 24, 2002, Martinez filed "Petitioner's Objections and Request for Abeyance For Decision In *Jankowski*" ("Petitioner's Ob-

---

**1.** Petitioner was released from INS custody on $25,000 bond but remains "in custody" for purposes of § 2241 habeas corpus relief. *See Concepcion v. United States,* 568 F.Supp. 766, 770 (S.D.N.Y.1982) ("in custody" requirement of § 2241(c) equated with "restraints on liberty," such as parole or release on the individual's own recognizance); *Duncombe v. State of N. Y.,* 267 F.Supp. 103, 109 n. 9 (S.D.N.Y.1967) (release on bail).

**2.** On December 8, 1989, Petitioner was convicted after a jury trial in the United States District Court for the Southern District of New York of possession of heroin with intent to distribute and conspiracy. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. He was sentenced to a 120 month term of imprisonment. Petitioner was released from the Federal Correctional Institution in Oakdale, Louisiana into INS custody on April 4, 1998.

jections"). Respondents filed a letter, dated June 4, 2002, in response to Petitioner's Objections ("Respondents' Letter"). **For the reasons stated below, the Report is adopted in all respects.**

## II. Standard of Review

This Court may adopt those portions of a report to which no objections have been made and which are not facially erroneous. *See* Fed.R.Civ.P. 72(b); *see, e.g., Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y. 1991); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The court conducts a de novo review of those portions of a Magistrate's report to which objections have been made. *See, e.g., Letizia v. Walker,* 1998 WL 567840 at *1; *Pizarro,* 776 F.Supp. at 817. Once objections are received, a district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See, e.g., DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y. 1988). Where, as here, the petitioner is proceeding *pro se,* "leniency is generally accorded." *Bey v. Human Resources Admin.,* No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference.

The Court has conducted a *de novo* review of the record herein, including, among other things, the Report, Petitioner's Objections, Respondents' Letter, and applicable legal authorities, and concludes that the Magistrate's legal and factual determinations are supported by the record and the law in all material respects. Peti-

tioner's Objections do not provide a basis for departing from the Report's recommendations.[3]

### *Petitioner is Not Eligible for a Section 212(c) Waiver*

Petitioner's conviction constitutes an "aggravated felony" under the Anti–Drug Abuse Act of 11988 ("ADAA"), Pub.L. No. 100–690, 102 Stat. 4181 (1988). Report at 8–9. Under the INA, an alien convicted of an aggravated felony is removable from the United States. INA, § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A). Petitioner is not entitled to seek a Section 212(c) waiver. *See* Immigration Act of 1990, Pub.L. No. 101–649, § 511, 104 Stat. 5052 (proscribing the exercise of discretion for aliens who had "been convicted of an aggravated felony and ha[d] served a term of imprisonment of at least five years"); Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 440(d), 100 Stat. 1214 (1996) (barring aliens convicted of certain crimes, including drug related-related offenses, from seeking a Section 212(c) waiver); Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, § 304, 110 Stat. 3009–597 (1996) (repealing Section 212(c) in its entirety as of September 30, 1996).

■ Magistrate Maas properly determined that legislation passed subsequent to Petitioner's conviction precludes a Section 212(c) waiver in this case. Report at 10. First, Petitioner's case is legally distinguishable from those of persons who plead guilty or *nolo contendere* in reliance on the availability of a Section 212(c) waiver because Petitioner was convicted of an

---

**3.** As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. *See Pizarro,* 776 F.Supp. at 817. Any objections which are not specifically discussed in this Order have been considered and rejected.

aggravated felony following a jury trial. *St. Cyr. v. INS*, 229 F.3d 406, 420 (2d Cir.2000), *aff'd*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), to the effect that "AEDPA § 440(d) and IIRIRA § 304 would severely upset settled expectations were it applied retroactively to pre-enactment guilty pleas," does not apply here. Report at 11–12; *see DiSanto v. INS*, 2002 WL 10448, at *4 (S.D.N.Y. Jan. 3, 2002) ("a defendant who chose to go to trial cannot be said to have relied in any way on the existence of discretionary relief"); *Lawrence v. INS*, 2001 WL 818141, at * 6 (S.D.N.Y. Jul. 20, 2001) ("our analysis focuses on the decision to enter a guilty plea to a crime—not on the criminal conduct— that qualifies the alien for removal ... [s]ince [Petitioner] was convicted in 1995 after trial, rather than upon a guilty plea," elimination of discretionary relief under IIRIRA applies and no exception to the retroactive application of AEDPA is available).

Second, Petitioner "has not shown, nor could he, that the removal proceedings against him were commenced before 1996 so as to entitle him to a Section 212(c) hearing under *Henderson*." Report at 15; *see Henderson v. INS*, 157 F.3d 106, 130 (2d Cir.1998) (discretionary relief remained available to aliens whose deportation had commenced before the passage of AEDPA, § 440). Here, the INS issued its Notice to Appear to Petitioner in February of 1998 and removal proceedings were commenced the following month. Report at 3–4, 15–16.

Third, a waiver hearing is unavailable to Petitioner under *Bell v. Reno*, 218 F.3d 86 (2d Cir.2000). Petitioner is unable to meet either of the *Bell* criteria as he was convicted in 1989 and his deportation or removal proceeding did not commence until seven years after the effective date of the Immigration Act of 1990. Report at 16.

### Equal Protection

■ The Magistrate correctly determined that Petitioner's equal protection claim is without merit. Report at 17–18. "[T]here plainly is a rational basis for the distinction because aliens who pleaded guilty are likely to have relied on the availability of Section 212(c) relief in reaching their decision while those who went to trial cannot establish any such detrimental reliance." Petitioner cannot establish any equal protection violation. *Id.* at 18.

■ Petitioner's request that this Court reserve decision pending a ruling in *Jankowski–Burczyk v. INS*, 291 F.3d 172, 2002 WL 1066630 (2d Cir. May 29, 2002) is moot. *Jankowski* has been decided and does not entitle Petitioner to relief. Stating that "the difference of treatment between [lawful permanent residents] and [non-lawful permanent residents] in amended § 212(h) is rationally related to a legitimate government purpose," *id.* at *5, the court found no equal protection violation. *Id.* at * 7. Thus, where, as here, Petitioner is a lawful permanent resident convicted of an aggravated felony, he is ineligible for a § 212(h) waiver.

### Petitioner is Not Eligible for a Cancellation of Removal

■ Magistrate Maas properly determined that Petitioner is not eligible for a cancellation of removal pursuant to INA, § 240, 8 U.S.C. § 1229b, because he failed to assert this claim "before the BIA and therefore has failed to exhaust his administrative remedies." Report at 18; *see* 8 U.S.C. § 1252(d). In any event, Petitioner does not qualify for a cancellation of removal because he has been convicted of an aggravated felony. Report at 18; *see* 8 U.S.C. § 1229b(a)(2).

## IV. Conclusion

For the reasons stated therein and herein, the Report [8] is adopted in its entirety and Martinez's Petition is dismissed and his application for stay is denied. The Clerk is respectfully requested to close this case.