■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PAUL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered March 3, 1987, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that his arrest was illegal and that

the subsequent lineup identification of him flowed directly from this unlawful detention, thus mandating exclusion of the identification evidence at trial *(see generally, People v Dodt,* 61 NY2d 408). However, the defendant failed to raise this issue either in his omnibus motion or at any time prior to judgment. Accordingly, he has failed to preserve the matter for appellate review *(see, People v Borden,* 134 AD2d 437). Moreover, we find from the record that there was probable cause for the arrest of the defendant.

Furthermore, the evidence, when viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), was legally sufficient to support the defendant's conviction of robbery in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, we find that the court did not improvidently exercise its extremely broad discretion by limiting the scope of the defendant's cross-examination at both the hearing and the trial *(see, People v Duffy,* 36 NY2d 258, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *People v Hill,* 134 AD2d 520, *lv denied* 70 NY2d 1007; *People v Webb,* 97 AD2d 779) as the questions in issue concerned matters which were collateral to the issues raised at trial or were otherwise improper.

Similarly unavailing is the defendant's claim that the trial court erred in denying his request for an adjournment for the purpose of producing a defense witness. A trial court enjoys broad discretion in determining whether to grant or deny an application for an adjournment *(see, People v Singleton,* 41 NY2d 402; *People v Morton,* 117 AD2d 631, *lv denied* 67 NY2d 947). In the present case, the defendant failed to establish that he had made a diligent and good-faith attempt to insure the appearance of the desired witness at trial, as the record demonstrates that he knew the whereabouts of the witness at least one week prior to seeking the adjournment yet failed to take any action to produce the witness or to apprise the trial court of the matter. Moreover, the defendant's assertion that the testimony of the prospective witness would be material and favorable to the defense was supported by nothing more than the conclusory allegations of the defense counsel. Under these circumstances, it cannot be said that the trial court improvidently exercised its discretion in denying the requested adjournment *(see, People v Daniels,* 128 AD2d 632, *lv denied* 70 NY2d 645).

The sentence imposed upon the defendant was not excessive

under the circumstances presented *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.