**Anthony JAMES, Petitioner–Appellant,**

v.

**Janet RENO, U.S. Attorney General, Immigration and Naturalization Service, Respondent–Appellee.**

No. 00–2692.

United States Court of Appeals, Second Circuit.

March 2, 2004.

Anthony James, Woodbourne, NY, for Appellant, pro se.

Varuni Nelson, Assistant United States Attorney, Dione M. Enea, Special Assistant United States, Attorney, Roslynn R. Mauskopf, United States Attorney, Brooklyn, NY, for Appellee.

Present: CARDAMONE, SACK, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Petitioner–Appellant Anthony James, *pro se,* appeals from an order of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The parties are familiar with the facts, the procedural context, and the specification of appellate issues with respect to this appeal.

James, who entered the United States in 1974 and was accorded the status of a lawful permanent resident in 1977, was convicted of second degree murder in 1982. In 1997, the Immigration and Naturalization Service[1] instituted removal proceedings against James, alleging that James was deportable under § 237(a)(2)(A) (iii) of the Immigration and Nationality Act of

---

* The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. As of March 1, 2003, the functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security. *See* Homeland Security Act of

1952, as amended, 8 U.S.C. § 1182(c) (1994) (the "INA"), because he had been convicted of second degree murder, an aggravated felony.

James asserts that he should have been permitted to seek discretionary relief from deportation under former section 212(c) of the INA. Section 212(c) of the INA was amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 440(d), 100 Stat. 1214 (Apr. 24, 1996) ("AEDPA"), and later repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, § 304(b), 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"). James argues that, because the incidents in question occurred before the repeal of section 212(c) of the INA, it would be impermissibly retroactive to apply AEDPA and IIRIRA to his case and deny him the ability to seek discretionary relief from deportation. He also argues that a further amendment to 212(c) barring aggravated felons imprisoned in excess of five years from seeking a discretionary waiver from deportation, *see* section 511 of the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 5052 (Nov. 29, 1990) (the "IMMACT"), is impermissibly retroactive as applied to his conviction, which occurred before the amendment was enacted. Finally, he argues that he should not be deportable as an alien convicted of an aggravated felony because his conviction for second-degree murder preceded the enactment of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, 102 Stat. 4181 (Nov. 19, 1988) (the "ADAA"), which created the ground of deportability for aliens convicted of aggravated felonies.

The substance of James's claims have been addressed and denied by our court. In *Rankine v. Reno,* 319 F.3d 93 (2d Cir. 2003), we held that it was not impermissibly retroactive to deny section 212(c) relief to aliens who were convicted of aggravated felonies before the enactment of AEDPA. In *Buitrago–Cuesta v. INS,* 7 F.3d 291 (2d Cir.1993), we concluded that Congress explicitly intended for section 511 of the IMMACT to apply retroactively. In *Bell v. Reno,* 218 F.3d 86 (2d Cir.2000), we held that aliens convicted of aggravated felonies prior to the enactment of the ADAA are deportable, so long as the aliens were given notice of the deportation proceedings after March 1, 1991. James was served with a Notice to Appear in October 1997. Those decisions of this Court are binding upon us here and dispose of this appeal.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

2002, Pub.L. No. 107–296, 116 Stat. 2135

(Nov. 25, 2002).