Richard A. PAUL, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Docket No. 01–4027.

United States Court of Appeals, Second Circuit.

June 17, 2004.

Richard A. Paul, for Petitioner, pro se.

David N. Kelley, United States Attorney, Michael R. Holden, Meredith E. Kotler, Assistant United States Attorneys, Southern District of New York, New York City, for Respondent.

PRESENT: FEINBERG, MESKILL, and CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Richard A. Paul (Paul), a citizen of Jamaica, was admitted into the United States as a lawful permanent resident in 1969. In 1987, Paul was convicted, following a trial, of robbery in the second degree. His conviction was affirmed on appeal. *See People v. Paul,* 531 N.Y.S.2d 358, 143 A.D.2d 107 (2d Dep't), *leave to appeal denied,* 72 N.Y.2d 1048, 534 N.Y.S.2d 948, 531 N.E.2d 668 (1988).

In March 2000, the Immigration and Naturalization Service (INS) commenced removal proceedings against Paul. The INS charged him with removal pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), on the ground that he was an alien convicted of an aggravated felony. The Immigration Judge (IJ) found Paul removable as an aggravated felon in light of his robbery conviction and ordered that he be removed to Jamaica. Paul appealed the IJ's decision to the BIA. On January 11, 2001, the BIA issued a decision affirming, without opinion, the IJ's removal order. The BIA designated the IJ's decision as the "final agency determination" pursuant to 8 C.F.R. § 3.1(a)(7). This petition for review followed.

Because the INS initiated removal proceedings against Paul after April 1, 1997, the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009–546 (1996), govern our review of his petition. *See Kuhali v. Reno,* 266 F.3d 93, 99 (2d Cir. 2001). Section 242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C), precludes us from reviewing any final removal order against an alien subject to removal as an aggravated felon pursuant to section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). *See Bell v. Reno,* 218 F.3d 86, 89 (2d Cir.2000). Nevertheless, we continue to have jurisdiction to determine whether this jurisdictional bar applies in the first instance and may therefore review whether a petitioner satisfies the jurisdictional facts on which the bar is predicated. *See id.*

■ Paul advances several arguments in an effort to avoid removal. First, although he concedes that his robbery conviction constitutes an "aggravated felony" as that term is defined by IIRIRA, he appears to contend that he cannot be removed in accordance with the amended IIRIRA definition because the conviction predates the enactment of IIRIRA and the conviction did not qualify as an "aggravated felony" prior to that time. That argument, however, is foreclosed by our decision in *Kuhali,* where we held that IIRIRA's amended "aggravated felony" definition retroactively applies to encompass convictions that predate the enactment of IIRIRA. *See* 266 F.3d at 110–11.

Paul also contends that he may not be removed as an alien convicted of an aggravated felony because his 1987 robbery conviction predates the enactment of the Anti–Drug Abuse Act of 1988 (ADAA), Pub.L. No. 100–690, 102 Stat. 4181 (1988), which first provided that an aggravated felony conviction could serve as a basis for deportation. In this respect, Paul notes that ADAA § 7344(b) prospectively provided that the aggravated felony ground for deportation applied "to any alien who has been convicted, *on or after* the date of the enactment of t[he] [ADAA], of an aggravated felony." 102 Stat. at 4471 (emphasis added). He further contends that the Immigration Act of 1990 (IMMAct), Pub.L. No. 101–649, 104 Stat. 4978 (1990), did not retroactively render him subject to deportation on the basis of his conviction. Indeed, Paul asserts that his robbery conviction only qualified as an "aggravated felony" under IIRIRA because the INS improperly delayed the initiation of removal proceedings against him for many years. According to Paul, the INS may not seek his removal on the basis of that conviction in light of this delay.

These arguments are foreclosed by our decision in *Bell v. Reno.* There, Alfonso Bell had been convicted of a crime prior to the enactment of either the ADAA or the IMMAct. *See Bell,* 218 F.3d at 87. When Congress amended the definition of an "aggravated felony" via IIRIRA, Bell's 1985 conviction qualified as an "aggravated felony." *See id.* at 89. Subsequently, approximately thirteen years after Bell had been convicted, the INS commenced removal proceedings against him. *Id.* An IJ found Bell to be deportable. When his petition for review came before us, Bell, relying on the prospective scope of ADAA § 7344(b), argued that he could not be removed on the basis of his 1985 conviction because it predated the ADAA. However, we held that IMMAct § 602(d) rendered ADAA § 7344(b) "obsolete" and that, as a consequence, Bell could be deported in accordance with the grounds for deportation set out in IMMAct § 602 (as redesignated by IIRIRA) because he was given notice of his deportation proceeding after March 1, 1991, notwithstanding that his conviction predated the enactment of the ADAA. *See id.* at 94, 96. We continue to be bound by *Bell. See Gelman v. Ashcroft,* 372 F.3d 495 (2d Cir.2004); *Kuhali,* 266 F.3d at 111. Hence, in accordance with *Bell,* we hold that Paul is properly subject to removal pursuant to INA § 237(a)(2)(A)(iii).

■ Finally, because Paul is properly removable under INA § 237(a)(A)(2)(iii) as an alien convicted of an aggravated felony, we lack jurisdiction, when considering his petition for direct review, to review Paul's remaining arguments. *See Bell,* 218 F.3d at 96; *see also Calcano–Martinez v. INS,* 232 F.3d 328, 342–43 (2d Cir.2000) (holding that, under INA § 242(a)(2)(C), we lack jurisdiction, on evaluating a petition for direct review, to consider whether IIRIRA does not apply to bar the availability of a

discretionary waiver of deportability pursuant to former section 212(c) of the INA, 8 U.S.C. § 1182(c) (1994), where the alien seeking such relief was convicted of an aggravated felony prior to the enactment of IIRIRA), *aff'd,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001).

Because we lack jurisdiction to review Paul's petition for review, it is hereby **DISMISSED**.