**David CAMPBELL, Petitioner–Appellant,**

v.

**Mary Ann GANTNER, District Director, U.S. Citizenship and Immigration Services, New York District, Respondent–Appellee.**

**No. 05–0401PR.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2005.

David Campbell, Jamaica, NY, for Appellant, pro se.

Elliot M. Schachner, Assistant United States Attorney for the Eastern District of New York, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, and F. Franklin Amanat, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY., for Appellee, of counsel.

Present: OAKES, JACOBS, and SACK, Circuit Judges.

*SUMMARY ORDER*

Petitioner David Campbell ("Campbell") appeals from a judgment entered on December 7, 2004, in the United States Dis-

trict Court for the Eastern District of New York (Garaufis, *J.*) denying Campbell's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

On appeal, Campbell reiterates the arguments made to the district court below, challenging his May 2004 order of deportation. Campbell argues that he is entitled to relief under §§ 212(c)[1] and 212(h) of the Immigration and Nationality Act ("INA") of 1952, codified at 8 U.S.C. §§ 1182(c) and 1182(h). Campbell also contends that he is entitled to an adjustment of status, pursuant to INA § 245(a), codified at 8 U.S.C. § 1255(a).

■ The district court judgment was entered on December 9, 2004; Campbell filed a timely notice of appeal on January 5, 2005. While the case was pending before this Court, on May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 ("REAL ID Act" or "Act"). The REAL ID Act "eliminates habeas corpus review of orders of removal and requires that any § 2241 petition pending in the district court at the time of its enactment be transferred to the court of appeals in which the petition could have been properly brought as a petition for review from a final order of removal under 8 U.S.C. § 1252." *Marquez–Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005). Although Congress specifically applied the Act to petitions pending in the district courts, Congress was silent as to appeals from the district courts already pending before the circuit courts. This Court has

recently held that Congress intended that § 2241 petitions on appeal should be treated as petitions for review under § 1252. *Gittens v. Menifee*, 428 F.3d 382 (2d Cir. 2005) (per curiam). Accordingly, Campbell's application is treated as a § 1252 petition.

■ This case was commenced prior to April 1, 1997, but the order of removal against Campbell became final after October 30, 1996. Therefore, this Court's jurisdiction over the appeal is governed by the transitional provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which are not codified in the United States Code. *See* IIRIRA § 309(c)(4), 110 Stat. 3009–625, Pub.L. 104–208; *Henderson v. INS*, 157 F.3d 106, 117 (2d Cir.1998). These transitional rules provide that no appeal is available in the case of "an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in ... section 241(a)(2)(A)(iii) ... of the [INA]." Pub.L. No. 104–208, 110 Stat. 3009–626, § 309(c)(4)(G) (Sept. 30, 1996). Section 241(a)(2)(A)(iii) of the INA, codified at 8 U.S.C. § 1251(a)(2)(A)(iii), but redesignated as INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), provides that an alien "who is convicted of an aggravated felony at any time after admission is deportable."

The Court, therefore, retains jurisdiction to review only the jurisdictional questions of whether the petitioner is an alien and whether the petitioner was convicted of a deportable offense. *See Bell v. Reno*, 218 F.3d 86, 89 (2d Cir.2000). Campbell has conceded both that he is an alien and that

---

1. Section § 212(c) of the INA has been repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA"). However, the district court remanded Campbell's final order of deportation to the Board of Immigration Appeals ("BIA") for reconsideration of the § 212(c) issue, based

on the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), which held that the repeal of § 212(c) had an impermissible retroactive effect on aliens who had entered plea agreements prior to the enactment of the IIR-IRA.

he was convicted of an aggravated felony, which is a deportable offense.

Accordingly, the only issues over which the Court has jurisdiction are already resolved. The Court lacks jurisdiction to review Campbell's final order of deportation or to consider Campbell's arguments that he is entitled to § 212(c) or § 212(h) relief, or to an adjustment of status under INA § 245(a).

For the foregoing reasons, Campbell's petition for review is hereby DENIED.