**Richard A. PAUL, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and United States Department of Homeland Security, Respondents.**

No. 06–5900–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Richard A. Paul, pro se, Jamaica, NY.

Brendan P. Hogan, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, on the brief; Cindy S. Ferrier, Senior Litigation Counsel, of Counsel) Washington, DC, for Respondent.

Present: JOSÉ A. CABRANES, SONIA SOTOMAYOR, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Richard Anthony Paul, a native and citizen of Jamaica, seeks review of a November 29, 2006 order of the BIA denying his motion to reopen his removal proceedings as "time and number barred." *In re Richard Anthony Paul,* No. A 18 621 436 (BIA Nov. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion." *Gao Ni v. Board of Immigration Appeals,* 520 F.3d 125, 129 (2d Cir.2008) (internal quotation marks omitted). "The BIA exceeds its allowable discretion if its decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, (4) contains only summary or conclusory statements, or (5) fails to consider the facts of record relevant to the motion." *Id.* (internal brackets, ellipses, and quotation marks omitted).

On appeal, Paul contends that the BIA was incorrect to deny his motion as untimely in light of the fact that the BIA's decision on his previous petition was sent to the wrong location and, therefore, did not reach him "until five months after the fact." Paul also challenges the removal order that was entered against him on July 25, 2000 by an Immigration Judge and summarily affirmed on January 11, 2001 by the BIA.

The BIA denied Paul's motion to reopen based on the fact that the motion (1) represented Paul's third such motion, *cf.* 8 U.S.C. § 1229a(c)(7)(A) (providing that an alien in Paul's position "may file one motion to reopen proceedings under this section"), and (2) had been submitted well past the 90 day limitations period set forth by the Immigration and Nationality Act, *see* 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA further concluded that Paul had not offered any reason why the BIA should exercise its discretion to reopen his removal

proceedings *sua sponte.* *Cf.* 8 C.F.R. § 1003.2(a) (providing the BIA with discretion to "at any time reopen or reconsider on its own motion any case in which it has rendered a decision").

We lack jurisdiction to consider Paul's challenge to his removal order in light of the fact that our Court has already considered and rejected the same arguments that he raises in the instant proceeding. *See* 8 U.S.C. § 1252(d) (noting that "[a] court may review a final order of removal only if ... another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding"); *Paul v. INS,* 102 Fed.Appx. 195, 196 (2d Cir. 2004) (dismissing a petition for review in which Paul challenged the agency's ability to remove him "as an alien convicted of an aggravated felony"); Petitioner's Br. 3 (contending that Paul "was not deportable as an aggravated felon"). We also lack jurisdiction to consider the BIA's determination that it would not exercise its discretion to reopen Paul's removal proceedings *sua sponte. See, e.g., Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (noting that "a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review"). Regarding Paul's other claims, we note that review of the record reveals no error by the BIA—let alone any abuse of discretion.

Accordingly, because we have considered all of Paul's arguments and found them to be without merit, Paul's petition is DENIED insofar as Paul challenges the BIA's denial of his motion to reopen and DISMISSED insofar as Paul challenges his removability.