Simmonds v. Lynch

BIA
Reid, IJ
A034 062 738

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> REENA RAGGI,
> > *Circuit Judges.*

_____

ROGER ANTHONY SIMMONDS, AKA RONALD PARKER, AKA ANTHONY SIMMONDS,

> *Petitioner,*

> v.                                          14-4472

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          MARCELLA COBURN, Law Student, Appellate Litigation Clinic, Yale Law School, New Haven, Connecticut (with Benjamin M. Daniels and Tadhg A. J. Dooley, Wiggin and Dana LLP, New Haven,

Connecticut, on the brief).

**FOR RESPONDENT:**     JEREMY M. BYLUND (with Benjamin C. Mizer, Blair T. O'Connor, and Edward C. Durant on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roger Anthony Simmonds, a native and citizen of Jamaica, seeks review of a November 19, 2014 decision of the BIA affirming the July 14, 2014 decision of an Immigration Judge ("IJ"), finding Simmonds removable on the ground that his 1986 murder conviction was an aggravated felony and denying a waiver of removability. *In re Roger Anthony Simmonds*, No. A034 062 738 (B.I.A. Nov. 19, 2014), *aff'g* No. A034 062 738 (Immig. Ct. Batavia July 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although we lack jurisdiction to review a final order of removal based on a finding that an alien, like Simmonds, is removable by reason of having committed an aggravated felony, we retain jurisdiction to consider questions of law, which we review de novo. 8 U.S.C. § 1252(a)(2)(C), (D);

2

*Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir. 2013). Simmonds raises a question of law over which we have jurisdiction: whether § 7344 of the 1988 Anti-Drug Abuse Act ("ADAA"), expressly stating that the newly-created aggravated felony ground of removal would apply prospectively only, has been repealed by subsequent immigration legislation.

Simmonds was admitted to the United States in 1974 as a lawful permanent resident and, in 1986, he was convicted of second-degree murder, in violation of New York law. In 1997, Simmonds was charged as removable on the ground that his murder conviction was an aggravated felony. In 1988, the ADAA created the aggravated felony ground of removal -- including murder -- and § 7344(b) of the ADAA expressly prohibited removal based on convictions occurring before the ADAA was enacted in 1988. This prospective application provision was rendered "obsolete," however, by § 602(d) of the Immigration Act ("IMMAct") of 1990, which provides that removal for an aggravated felony based on a pre-1988 conviction is permissible if the notice of deportation proceeding is given after March 1, 1991. *See Bell v. Reno*, 218 F.3d 86, 94-96 (2d Cir. 2000).

Simmonds argues that § 7344(b) was never expressly or impliedly repealed, and that *Bell* has been called into question by subsequent Supreme Court precedents, *Vartelas v. Holder*, 132 S. Ct. 1479 (2012), *National Association of Home Builders v. Defenders of Wildlife*, 551

3

U.S. 644 (2007), *Branch v. Smith*, 538 U.S. 254 (2003), and *INS v. St. Cyr*, 533 U.S. 289 (2001), which affirmed the strong presumption against implied repeals.

Retroactivity of a statute is determined in two steps. First, we determine if congressional intent is clear; if so, it governs. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 264, 280 (1994); *see also St. Cyr*, 533 U.S. at 316. If congressional intent is unclear, and if the statute attaches "a new disability" to past wrongful conduct, it may not be applied retrospectively. *See Landgraf*, 511 U.S. at 269-70; *see also Vartelas*, 132 S. Ct. at 1488, 1491.

As explained above, we have answered the first question in the affirmative. *Bell* held that Congress's intent was made clear by the effective date provision in IMMAct § 602(d) and that ADAA § 7344(b) did not survive that provision. *Bell*, 218 F.3d at 96. We have reiterated the holding on two occasions. *See Gelman v. Ashcroft*, 372 F.3d 495, 498-500 (2d Cir. 2004); *Kuhali v. Reno*, 266 F.3d 93, 110-11 (2d Cir. 2001). Further, both *St. Cyr* and *Vartelas* specifically cited the aggravated felony provisions § 321(b) and its current iteration § 1101(a)(43), as examples of Congress's clear intent to apply a statute retroactively. *See St. Cyr*, 533 U.S. at 318-19 (noting Congress' willingness "to indicate unambiguously its intention to apply specific provisions retroactively. IIRIRA's amendment of the definition of 'aggravated felony,' for example,

4

clearly states that it applies with respect to 'conviction[s]. . . entered before, on, or after' the statute's enactment date. § 321(b)." (alterations in original)); *Vartelas*, 132 S. Ct. at 1487 (noting that "[s]everal other provisions of IIRIRA, in contrast to [the one at issue], expressly direct retroactive application, *e.g.*, 8 U.S.C. § 1101(a)(43) (IIRIRA's amendment of the 'aggravated felony' definition applies expressly to 'conviction[s] ... entered before, on, or after' the statute's enactment date)"). These statements support *Bell*'s conclusion that Congress intended to repeal § 7344(b). Accordingly, we are bound by *Bell* and its determination that § 602(d) rendered § 7344(b) obsolete. *See Union of Needletrades, Indus. and Textile Emps. v. U.S. INS*, 336 F.3d 200, 210 (2d Cir. 2003) ("[A]s a general rule, one panel of this Court cannot overrule a prior decision of another panel.").

Simmonds also argues that our holdings have been called into question by *Home Builders* and *Branch*. He argues that *Bell* considered only retroactivity and did not consider an implied repeal analysis. However, *Home Builders* and *Branch* make clear that the first step to determining whether a statute repeals an earlier iteration remains an inquiry into congressional intent. *Home Builders*, 551 U.S. at 662; *Branch*, 538 U.S. at 273. And in *Bell*, we held that Congress's intent to render § 7344(b) obsolete was clear. *Bell*, 218 F.3d at 94. Accordingly, we are "bound by the decisions of prior panels

5

until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004).

An exception exists "where there has been an intervening Supreme Court decision that casts doubt on our controlling precedent." *Union of Needletrades*, 336 F.3d at 210. However, *Home Builders* and *Branch* largely rely on long-standing Supreme Court precedents as opposed to creating "new" law. *Home Builders*, 551 U.S. at 662; *Branch*, 538 U.S. at 273. Further, we already conducted our own analysis of the varying statutes and legislative history at play -- we simply came to a different conclusion than the Seventh and Ninth Circuits' decisions that Simmonds urges us to adopt. *See Kuhali*, 266 F.3d at 111 ("[W]e have already explained in considerable detail that the specific statute on which petitioner relies was rendered obsolete by other intervening congressional enactments, and we will not repeat that discussion here." (citing *Bell*, 218 F.3d at 94-96)); *see also Zivkovic v. Holder*, 724 F.3d 894, 911 (7th Cir. 2013); *Ledezma-Galicia v. Holder*, 636 F.3d 1059, 1079 (9th Cir. 2010). Accordingly, because *Bell* remains good law, it is dispositive of Simmonds's claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk