■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD FOSSETT, Respondent. [629 NYS2d 21] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered on or about February 7, 1994, which granted defendant's motion to set aside a verdict rendered after a nonjury trial (Harold Rothwax, J.), convicting defendant of murder in the second degree, unanimously affirmed.

Just after defendant's case on murder and arson charges had been sent to a trial part, the prosecutor indicated at a bench conference that his case was weak in light of the background of his core witnesses, who had extensive criminal records, were substance abusers, and had made deals with the prosecution in

exchange for their testimony. When the Trial Justice asked the prosecutor why he did not simply dismiss the case, the prosecutor responded that he could not do so unilaterally. The Trial Justice then suggested that "if it is a case that is going nowhere why don't we save ourselves the time and trouble and have him waive a jury and go that way." Counsel then obtained defendant's agreement to waive his right to a jury, whereupon the Trial Justice reiterated his position in defendant's presence as defendant was about to sign the waiver in open court. At the prosecutor's insistence, a short break was taken, during which the prosecutor unsuccessfully consulted with his supervisors about dismissing the case. Thereafter, the Trial Justice accepted defendant's waiver of a jury, without inquiring as to whether any promise had been made to defendant regarding the outcome of the case.

The Trial Justice subsequently found defendant guilty of murder in the second degree.

There is no basis for disturbing the hearing court's finding on the motion to set aside the verdict that defendant's waiver of his right to a jury trial was not knowing and voluntary, and was induced by the Trial Justice's statement implying that the case would be disposed of in defendant's favor if he waived a jury (*cf.*, *Matter of Randall v Rothwax*, 78 NY2d 494, *affg* 161 AD2d 70). Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.