■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GELMAN, Appellant. [658 NYS2d 872] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J., at nonjury trial and sentence; John Bradley, J., on motion to set aside verdict), rendered May 2, 1988, convicting defendant of arson in the first degree, conspiracy in the second degree and reckless endangerment in the first degree, and sentencing him to concurrent terms of 15 years to life, 7 to 21 years, and $2^1/_3$ to 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues concerning the credibility of the accomplice witnesses, as well as the nonaccomplice witnesses who provided ample corroboration (*see,*

*People v Breland*, 83 NY2d 286), were properly considered by the trial court, and we see no reason to disturb its findings. There was ample evidence that "the explosion [and] fire [were] caused with the expectation or receipt of financial advantage or pecuniary profit by the actor" (Penal Law § 150.20 [1] [a] [ii]), defendant being the "actor" for purposes of the statute (*see*, Penal Law § 20.00).

Defendant's motion to dismiss the indictment for unauthorized resubmission to a second Grand Jury was properly denied. Because the presentation to the first Grand Jury had been minimal, the withdrawal was not the equivalent of a dismissal (*People v Dym*, 163 AD2d 150, 154, *lv denied* 76 NY2d 892).

Defendant's jury trial waiver was valid. There is no indication that anyone ever promised defendant that such waiver would result in a favorable verdict (*compare*, *People v Fossett*, 216 AD2d 233, 234, *lv denied* 86 NY2d 794).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.