**Hong Won KANG, Petitioner,**

v.

**Janet RENO, Attorney General, Respondent.**

**No. 00 CV 1459(NG)(JMA).**

United States District Court, E.D. New York.

Feb. 7, 2003.

Michael DiRainordo, Esq., for plaintiff.

A.U.S.A. Kristen Chapman, for defendant.

**ORDER**

GERSHON, District Judge.

On March 15, 2000, petitioner, Hong Won Kang, acting through counsel, filed a petition pursuant to 28 U.S.C. § 2241 seeking his release from detention and a review of his final order of deportation. By letter, dated March 15, 2000, the government agreed not to deport petitioner until this claim was adjudicated.

According to petitioner, he was charged in the District of New Jersey, entered into a formal plea agreement with the government on December 19, 1999, and pled guilty on April 25 1997. Petitioner now challenges the Board of Immigration Appeals' conclusion that he is statutorily ineligible for discretionary relief under former Section 212(c) of the Immigration & Nationality Act, 8 U.S.C. § 1182(c).

By order dated June 29, 2001, this court directed petitioner to show cause why his petition should not be dismissed in light of the Second Circuit's decision in *Domond v. United States*, 244 F.3d 81 (2d Cir.2001), which held that it was not improper to apply the Antiterrorism and Effective Death Penalty Act's ("AEDPA") elimination of Section 212(c) hearings to aliens whose criminal conduct pre-dates AEDPA, but whose convictions pursuant to plea agreements came after AEDPA's enactment. In response, petitioner's counsel has submitted two letters, on November 20, 2002 and January 15, 2003, arguing that, under the Second Circuit's decision in *Gelman v. Ashcroft*, 298 F.3d 150 (2d Cir. 2002), and the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), petitioner is entitled to a remand. Respondent, in two letters, dated November 19, 2002 and January 23, 2003, has opposed petitioner's submissions on the ground that *Gelman* is not applicable and that *Domond* is dispositive.

The cases cited by petitioner are inapposite to his circumstances. The aliens in *St. Cyr* and *Gelman* were both convicted prior to the effective dates of the acts under which the government sought their removal. In *St. Cyr*, the court held that AEDPA could not retroactively eliminate Section 212(c) relief for "aliens, like respondent, whose convictions were obtained though plea agreements and who, notwithstanding those convictions, would have been eligible for [Section] 212(c) relief at the time of their plea under the law then in effect." *St. Cyr* at 324, 121 S.Ct. 2271. In *Gelman*, the court remanded, in light of *St. Cyr*, to allow the Board of Immigration Appeals to consider whether "aggravated felony," as defined by Section 602 of the Immigration Act of 1990, should operate retroactively. *Gelman*, 298 F.3d at 151.

Petitioner suggests that, taken together, *St. Cyr* and *Gelman* stand for the proposition that an individual inquiry must be conducted to determine if an alien actually relied on the availability of Section 212(c) relief in deciding to plead guilty. Petitioner further contends that he can demonstrate such actual reliance because his plea negotiations began prior to AEDPA's enactment.

However, *St. Cyr* held only that an individual who enters into a plea agreement prior to AEDPA's enactment remains eligible for Section 212(c) relief. This holding is premised upon the idea that an alien's decision to enter into a plea was likely facilitated by the alien's belief that Section 212(c) relief remained available. *St. Cyr*, 533 U.S. at 323, 121 S.Ct. 2271. The *Domond* court, which had before it the Second Circuit's decision in *St. Cyr* (which the Supreme Court affirmed), interpreted *St. Cyr* to preclude relief for those aliens who were convicted upon a plea of guilty entered after AEDPA. This interpretation was recently reiterated by the Second Circuit in *Mohammed v. Reno*, 309 F.3d 95 (2d Cir.2002). The court there stated that: "the crucial fact in *St. Cyr* was that the alien had entered a plea of guilty *prior* to the legislative changes that rendered [S]ection 212(c) relief unavailable." *Mohammed*, 309 F.3d at 103 (emphasis added)(internal quotation marks omitted).

Petitioner entered into a cooperation agreement with the government on December 19, 1996, and pled guilty on April 25, 1997. Petitioner argues that his participation in plea negotiations immediately after his arrest in 1995 demonstrates reliance on the availability of Section 212(c) relief. Petitioner argues that, at the government's insistence, the entry of his plea was delayed until after AEDPA's effective date to ensure that the terms of the plea

agreement, which involved cooperation, were properly met. However, there is no claim that the government intentionally delayed petitioner's plea for the purpose of eliminating petitioner's access to discretionary Section 212(c) relief. In any event, petitioner cannot show that he was prevented from simply entering a plea to the indictment before AEDPA's effective date.

Petitioner, like the aliens in *Domond* and *Mohammed,* pled guilty after Section 212(c) relief became unavailable, and as a result this petition must be denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

SO ORDERED.