**Gregory GELMAN, Petitioner–
Appellant,**

v.

**Christopher P. ARTUZ, Superintendent,
Green Haven Correctional Facility,
Eliot L. Spitzer, New York State At-
torney General, Respondents–Appel-
lees.**

No. 03–2158.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2004.

Mark S. Cheffo (Dorothy J. Spenner,
Beverly A. Farrell, Brian C. Busse), New
York, NY, for Appellant, of counsel.

Jennifer K. Danburg, Assistant Attorney
General (Robin A. Forshaw, Assistant At-
torney General, Eliot Spitzer, Attorney

General of the State of New York, on the
brief), Attorney General's Office for the
State of New York, New York, NY, for
Appellee, of counsel.

Present: KEARSE, CABRANES and
KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of
said District Court be and hereby is **AF-
FIRMED.**

In October 1986, petitioner Gregory Gel-
man was indicted by a New York County
grand jury for first-degree arson and re-
lated charges concerning the February 24,
1986 fire to an apartment building owned
by petitioner. On June 19, 1987, petitioner
waived his right to a jury trial, and the
parties proceeded to a bench trial. Peti-
tioner was convicted of first-degree arson
and two other charges, and the court sen-
tenced him to concurrent indeterminate
terms of fifteen years to life, seven to
twenty-one years, and two and one-third to
seven years.

Petitioner moved to set aside his convic-
tion, pursuant to New York Criminal Pro-
cedure Law § 330.30,* asserting, among
other things, that his waiver of his right to
a jury trial had not been knowing, volun-
tary, and intelligent, because it had been
improperly influenced by an *ex parte* com-
munication between petitioner's counsel
and the trial court's law secretary. A

---

\* That statute provides in relevant part:

> At any time after rendition of a verdict of
> guilty and before sentence, the court may,
> upon motion of the defendant, set aside or
> modify the verdict or any part thereof upon
> ... [a]ny ground appearing in the record

> which, if raised upon an appeal from a
> prospective judgment of conviction, would
> require a reversal or modification of the
> judgment as a matter of law by an appellate
> court.

N.Y.Crim. Pro. Law § 330.30(1).

**464**

hearing was held before a different judge, who, in a written decision, denied petitioner's motion. *See People v. Gelman,* Supreme Court of the State of New York, Ind. No. 7064/86 (New York County Mar. 29, 1988). On direct appeal, in which petitioner again asserted his jury waiver claim, the Appellate Division affirmed by opinion petitioner's conviction, *see People v. Gelman,* 240 A.D.2d 181, 658 N.Y.S.2d 872 (1st Dep't 1997), as did the New York Court of Appeals, *see People v. Gelman,* 93 N.Y.S.2d 314, 690 N.Y.S.2d 520, 712 N.E.2d 686 (1999). Petitioner thereafter sought habeas relief in the District Court below, asserting the jury waiver claim and one other ground for relief. On the recommendation of Magistrate Judge Michael H. Dolinger, the District Court dismissed the petition by order dated March 12, 2003, but granted a certificate of appealability with respect to the jury waiver issue.

Having reviewed the record and considered the arguments of the parties, we conclude, for substantially the reasons stated in the thorough report of the magistrate judge, that petitioner's claim is without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.